IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHARLES GATEWOOD** | * |
| | * |
| v. | * Civil No. JKS-08-1744 |
| | * |
| **MICHAEL J. ASTRUE** | * |
| **Commissioner of Social Security** | * |
| | * |

## MEMORANDUM OPINION

Plaintiff Charles Gatewood brought this action pursuant to 42 U.S.C. § 405(g), for review of a final decision of the Commissioner of Social Security (Commissioner) denying in part his application for waiver of overpayment of disability insurance benefits (DIB). Both parties' motions for summary judgment and Gatewood's alternative motion for remand are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Gatewood's motion for remand will be granted, and both motions for summary judgment will be denied.

### 1. Background.

On March 1, 1988, Gatewood was found disabled and entitled to DIB benefits due to leiomyosarcoma of the esophagus. (R. 27). On January 20, 1995, the Social Security Administration (SSA) notified Gatewood that he was no longer disabled as of December 31, 1994, and that his period of disability terminated on February 1995, due to medical improvement. (R. 27). Gatewood requested reconsideration and continuation of his benefits. Following a denial upon reconsideration, an Administrative Law Judge (ALJ) held a hearing on August 9, 1995, at which Gatewood knowingly and voluntarily waived his right to representation. (R. 27). On October 26, 1995, the ALJ found that Gatewood's disability ceased on December 31, 1994, and that his entitlement to benefits ended at the close of February 1995.

(R. 32). On December 28, 1995, Gatewood requested Appeals Council review of the ALJ's decision, and also elected that his benefits continue. (R. 34–35). While waiting for the Appeals Council's decision, Gatewood received a notice advising him that he was entitled to an increase in benefits on August 22, 1996, (R. 36), and then on February 3, 1997, received a notice that his disability was continuing. (R. 37–38). On June 9, 1997, the Appeals Council denied his request for review, and the ALJ's determination became the Commissioner's final decision. (R. 40).[1]

Gatewood, however, continued to receive disability benefits. On May 21, 1998, Gatewood was notified that he was overpaid benefits beginning March 1995 through April 1998 for a total of $37,473.50. (R. 53–55). Gatewood requested a waiver of overpayment recovery on June 18, 1998, (R. 45–52), which was subsequently denied. (R. 68–70). On June 8, 2005, an ALJ held a hearing on the request to waive the overpayment of benefits. (R. 97). On September 21, 2005, the ALJ waived the overpayment from October 1995 through April 1998, but denied waiver of the overpayment from March 1995 through September 1995. The Appeals Council granted Gatewood's request for review, and on May 22, 2008, modified the ALJ's decision, finding that recovery of the overpayment for the months of March 1995 through May 1997 would be waived, but recovery of overpayment for the months of June 1997 through April 1998 would not be waived. (R. 7–9).

## 2. **Appeals Council's Decision.**

With respect to the period of March 1995 through May 1997, the Appeals Council found that Gatewood was without fault in causing the overpayment and also found that denying Gatewood's waiver request would defeat the purpose of Title II. (R. 8). In determining that Gatewood was without fault, the Appeals Council found that there was no evidence that

---

[1] Gatewood contends that he never received a copy of this denial.

Gatewood did not appeal the cessation of his disability in good faith, request payment continuation in good faith, and fully cooperate in his appeal. (R. 8). The Appeals Council, however, found that Gatewood was not without fault in causing the overpayment for the months of June 1997 through April 1998, because he "was notified on June 9, 1997, that the Appeals Council had denied his request for review" and thus "no longer had any basis for believing that he was entitled to [DIB]."

3. **Standard of Review.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

4. **Discussion.**

Gatewood testified that he did not receive the June 7, 1997, denial of his Request for Appeals Council Review. (R. 109). In addition, it is undisputed that Gatewood notified the Commissioner when he attempted to return to work in January 1997, and in response received a notice stating that the SSA found "that your disability is continuing." (R. 37).

The Social Security Act mandates return of overpayments except where an individual "is without fault" and "such adjustment or recovery would defeat the purpose of [Title II of the Social Security Act] or would be against equity and good conscience." 42 U.S.C. § 404(b); 20 C.F.R. § 404.509. A claimant has the burden of demonstrating that he is both "without fault" and that "repayment would either be inequitable or would defeat the purposes of the Act." *Valente v. Sec'y of HHS*, 733 F.2d 1037, 1042 (2d Cir. 1984); *Harrison v. Heckler*, 746 F.2d 480, 482 (9th Cir. 1984). "Fault" is defined as follows:

> [I]n determining whether an individual is at fault, the Social Security Administration will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations . . . the individual has. What constitutes fault . . . on the part of the overpaid individual . . . depends upon whether the facts show that the incorrect payment to the individual . . . resulted from:
> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
> (b) Failure to furnish information which he knew or should have known to be material; or
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507. The decision maker must evaluate whether a reasonable person, possessing whatever mental and physical limitations the claimant has—including age, intelligence, education—could believe that he was entitled to continued social security benefits. *See Harrison v. Heckler*, 746 F.2d at 482. The decision must include a discussion of "findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record." *See v. Washington Metro. Area Transit Auth.*, 36 F.3d 375, 384 (4th Cir. 1994) (citing 5 U.S.C. § 57(c)(3)(A)).

In assessing a claimant's credibility, "[i]t is not sufficient for an adjudicator to make a single, conclusory statement that 'the individual's allegations have been

4

considered.'" SSR 96-7p. Instead, the credibility determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record." *Id.*; *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Here, the Appeals Council did not make any credibility assessment of Gatewood's testimony or indeed even acknowledge that he had testified that he did not receive the notice denying his request for review. The Commissioner now argues that Gatewood's testimony was "weak at best, and contradicted by other statements he made to Social Security Administration personnel." Evaluation of the credibility of the evidence, however, is not within the province of the Court. In addition, the Appeals Council did not assess the impact of the February 2007 notice to Gatewood that his disability had been found to be continuing. Where, as here, the Commissioner's decision is insufficient to accommodate a thorough review, the court is required to remand the case. *See*, 36 F.3d at 384 (citing 5 U.S.C. § 557(c)(3)(A)).

**5. Conclusion.**

For the foregoing reasons, Gatewood's motion for remand will be granted, and both motions for summary judgment will be denied.

Date: March 16, 2011                                     /S/
                                                JILLYN K. SCHULZE
                                                United States Magistrate Judge